IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEVERA BAILEY,      *

    Plaintiff,      *

        v.      *     Civil Action No. RDB 10-1420

ARES GROUP, INC.,      *

    Defendant.      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff DeVera Bailey ("Bailey") brings this cause of action against her employer, Ares Group, Inc. ("Ares Group"), for sex, age and disability discrimination, as well as retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq*. ("ADA"). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant Ares Group's Motion to Dismiss (ECF No. 4) is GRANTED in part and DENIED in part. Specifically, the Motion to Dismiss is GRANTED as to Counts I (sex discrimination) and III (age discrimination) with respect to Bailey's claims of discriminatory enforcement of employment and disciplinary policies, and as to Count II (retaliation) and Count IV (disability discrimination). However, Ares Group's Motion to Dismiss is DENIED as to Counts I and III with respect to Bailey's failure to promote claims.

BACKGROUND

This Court reviews the facts relating to this claim in the light most favorable to the plaintiff. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

In 1998, Plaintiff DeVera Bailey was employed by Wackenhunt Security Services ("Wackenhunt") and worked as a guard at the Social Security Administration in Woodlawn, Maryland. At some point that year, Bailey filed a Charge of Discrimination ("1998 Charge") with the Equal Employment Opportunity Commission ("EEOC") against Wackenhunt based upon perceived sexual harassment. On May 25, 1999, Bailey filed a cause of action in this Court relating to her 1998 Charge against Wackenhunt and an individual named Sheon Dredden. *Bailey v. Wackenhunt Security, Inc.*, Civ. No. 99-cv-1481 (D. Md. 1999). In 2000, that lawsuit settled.

At the time Bailey filed her 1998 Charge, Wackenhunt employed Stanley Jones, Jr. ("Jones") as a Contract Administrator. In this position, Jones was responsible for ensuring that Wackenhunt fulfilled its contractual obligations to provide guard services for the G.H. Fallon Building ("the Fallon Building"), in Baltimore, Maryland. Bailey alleges that Jones was involved in some manner with her 1998 Charge against Wackenhunt, and assisted in its resolution. Notably, there is no allegation that Jones worked at the Social Security Administration. Bailey also does not claim that Jones had supervisory authority over her at any point during her employment with Wackenhunt.

In August 2002, Bailey began working as a security guard at the Fallon Building. Bailey appears to have primarily worked at the duty station inside the Fallon Building's garage. In July 2006, Defendant Ares Group, Inc. was awarded a contract with the federal government to supply

security services for that building. By 2006, Bailey had been working at the Fallon Building for close to four years, and Ares Group hired Bailey, keeping her on as a security guard. At the time that Bailey became an employee of Ares Group, Jones had become Ares Group's Vice President of Operations. Though Bailey does not provide context for her allegation, Bailey appears to allege that at some point during his employment with Ares Group, "Mr. Jones, Jr. has stated that he does not believe that women should be in management positions." Compl. ¶ 10.[1]

Ares Group security guards are required to wear uniforms while on duty. These uniforms include a hat, which Bailey alleges must be worn outside, but is not required to be worn inside the building. Bailey claims that in December 2006, her supervisor, Captain Brown ("Brown"), began harassing by telling her she had to wear her uniform hat while she worked in the Fallon Building's garage. Bailey contends that she was the only Ares Group employee who was told to wear her hat at that post, and that "when Captain Brown was asked about the disparate treatment toward Plaintiff, he responded that Stanley Jones, Jr. insisted that Plaintiff wear her hat at her station." Compl. ¶ 16. Bailey apparently made it known that she felt this was discriminatory harassment and that she planned to contact the EEOC if this conduct continued. After that point, however, "Brown stopped harassing Plaintiff about wearing her hat inside." *Id*.

In May 2007, Brown offered Bailey a Lead Officer position, which she considered a promotion, and which she accepted. Bailey was told that she would take over the duties of the current Lead Officer, Corporal Foreman ("Foreman"), who would step down from the position in a few weeks. In preparation for the changeover, Bailey trained with Foreman. However, on

---

[1] The numbering of Plaintiff's Complaint restarts in the section entitled "Factual Basis of Complaint." As this Court cites only to claims made after this point, all citations to the Complaint refer to the second set of numbered paragraphs.

May 15, 2007, Brown subsequently offered the position to Officer Mark Heath ("Heath") instead. As a result, Heath became the Lead Officer, and Bailey's responsibilities as a security guard in the Fallon Building's garage remained the same.

On July 3, 2007, Brown offered Bailey a second promotion to the position of Captain. On July 6, 2007, Bailey formally accepted this position and spoke with the current Captain about the duties of the position, and the sites for which she would be responsible. On July 9, 2007, Bailey meet with a project manager, Robert Henry ("Henry"), to discuss her new duties and salary. Henry told Bailey that he had to send her file to Jones, as Jones would complete the paperwork for her new position. On July 24, 2007, Brown informed Bailey that instead of giving her the Captain position, Ares group decided to combine Heath's duties as lead Officer with the duties of the Captain position. When Bailey asked Brown why her alleged promotion was being rescinded for a second time, "he responded that Stanley Jones, Jr. felt that Plaintiff did not have enough experience to be a Captain." Compl. ¶ 33. Bailey contends that she has fifteen years of experience in the security industry, whereas Heath as just three years of experience.

On August 29, 2007, Ares Group transferred Bailey from her post in the garage to the Fallon Building's child care center. Bailey considered this transfer to be a "de facto demotion." Compl. ¶ 37. At some point soon thereafter, though, Bailey was reassigned to her former post in the garage after several federal employees who worked in the Fallon Building allegedly wrote letters to Ares protesting Bailey's transfer.

On October 3, 2007, a commercial truck attempted to enter the Fallon Building's garage at a different post than the one where Bailey worked. The truck scraped a pipe on the ceiling of the garage upon its entrance, and Bailey assisted with the resulting problems in the garage.

4

Bailey alleges that an officer on duty at the affected post, Officer Hill ("Hill"), was instructed to complete a report about the incident. When Hill explained that he had been at lunch during the accident, he was told to instruct Bailey to complete the incident report. Bailey claims she was never told to complete a report. On October 4, 2007, Brown asked Bailey why she had not completed an incident report as instructed. Bailey explained that she was not aware of this instruction, and began completing the report, but stopped when a co-worker told her that a different Ares employee, Officer Caffee ("Caffee") had started to write the report. The incident report was allegedly submitted by Caffee that same day. Nonetheless, on October 10, 2007, Brown called Bailey while she was at home on sick leave and told her that Ares's corporate office needed the incident report. When Bailey returned to work the next day, on October 11, she was given a "Record of Written Warning" that had been dated October 4, 2007. Bailey was subsequently given a three day suspension because of her failure to complete the incident report.

Bailey alleges that on December 5, 2007, Brown gave her two "Records of Verbal Warnings." The first was dated November 29, 2007, and had to do with her calling in sick to work less than four hours before her shift began. The second was dated December 1, 2007, and was a warning for absenteeism. Bailey claims that she was not at work on either date, therefore she could not have received verbal warnings.

On January 9, 2008, Bailey filed a Charge of Discrimination with the EEOC against Ares Group ("2008 Charge"). In her 2008 Charge, Bailey claimed that Ares discriminated against her based upon her sex, age and retaliated against her when it withdrew the two offers of promotion and issued her warnings for attendance issues.

On June 2, 2010, Bailey filed the pending action claiming sex (Count I), age (Count II) and disability discrimination (Count III), as well as retaliation (Count IV). In her Complaint, Bailey also claims that since filing her Charge of Discrimination,[2] she has "endured countless examples of harassment, incidents of a hostile work environment and discrimination by Defendant," and that between 2007 and 2009, Heath yelled and intimidated her, and generally reassigned her to less favorable posts. Compl. ¶ 63. Ares Group initially moved to dismiss Bailey's claims for insufficient service of process or, in the alternative, failure to state a claim. ECF No. 4. In its Reply brief, however, Ares Group concedes that the insufficient service of process issue is moot because Bailey "cured that deficiency on or about July 26, 2010." Reply at 1, n.1 (ECF No. 7). Thus, this Court need only address Ares Group's arguments that Bailey's Complaint fails to state any actionable claims.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, __ F.3d __, 2011 WL 184356, at *10 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard,

---

[2] It is not clear whether Bailey is referring to her 1998 Charge of Discrimination against Wackenhunt or her January 9, 2008 Charge against Ares Group.

a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 555 (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

7

ANALYSIS

Generally speaking, a plaintiff may establish a claim of intentional discrimination using "ordinary principles of proof by any direct or indirect evidence relevant to and sufficiently probative of the issue." *EEOC v. Western Elec. Co., Inc.*, 713 F.2d 1011, 1014 (4th Cir. 1983). Alternatively, a plaintiff may proceed under the proof scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny, under which the employee, after establishing a *prima facie* case of discrimination, must demonstrate that the employer's proffered nondiscriminatory reason for the challenged employment action is in fact a pretext for discrimination. *Id*. In this case, Bailey concedes that she has provided no direct evidence as to any of her claims. Opp'n at 15, ECF No. 6. Thus, this Court need only analyze Bailey's claims under the three-step burden-shifting paradigm of *McDonnell Douglas*.

**I.      Sex Discrimination (Count I)**

Bailey contends that Ares Group denied her two promotions based upon her sex in contravention of Title VII. Bailey also alleges that Ares Group violated Title VII with respect to enforcement of its employment policies and its disciplinary policies.

**A.      Failure to Promote**

To establish a *prima facie* case of sex discrimination for failure to promote, a plaintiff must prove by a preponderance of the evidence that she (1) belongs to a protected group; (2) applied for the positions at issue; (3) was qualified for those positions; and (4) was rejected under circumstances that give rise to an inference of unlawful discrimination. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996).

Bailey contends that Captain Brown offered her the position of Lead Officer in the beginning of May 2007, and that she accepted the position, but that "on May 15, 2007, Captain Brown told Plaintiff that he was not promoting her, and instead was promoting Officer Heath [to the Lead Officer position]." Compl. ¶¶ 19-20, 24. Bailey alleges on July 3, 2007, Captain Brown offered her the position of Captain, which she accepted, but that three weeks later "ARES group decided to promote Corporal Heath to Lieutenant, and combine his current duties with the duties of the Captain position." Compl. ¶ 31. Bailey additionally contends that when she asked Captain Brown why a promotion was being taken away from her a second time, she was told that Jones "felt that Plaintiff did not have enough experience to be a Captain." *Id.* ¶ 33. Bailey also claims that Jones "has stated that he does not believe that women should be in management positions." *Id.* ¶ 10.

Bailey is a member of a protected class because she is female. As this Court must construe the allegations in the Complaint in the light most favorable to Bailey, this Court will assume that she suffered an adverse action when the offers for the Lead Officer and Captain positions were rescinded. Thus, this Court need only analyze the third and fourth prongs of the *prima facie* test.

As to the third prong, Bailey's allegations are sufficient to allege that she was qualified for the promotions. Bailey claims that she had worked as a security guard at the Fallon Building since 2002, and that at the time the promotions to the positions of Lead Officer and Captain were rescinded she had fifteen years of experience in the security field, whereas Heath had just three years of experience. These allegations are sufficient to show that Bailey was qualified for the positions at issue. As to the fourth prong, Bailey's Complaint also alleges enough facts to state a

9

claim to relief that is plausible on its face that she was rejected under circumstances that give rise to an inference of unlawful discrimination. Bailey claims that Brown's decision to rescind the promotions he had offered her was influenced by Jones. Bailey contends that Jones told Brown that she did not have enough experience for the positions, despite the fact that she had twelve years more experience in security than Heath, who eventually was given the jobs. Finally, though Bailey provides no context for her allegation that at some point Jones stated that women did not belong in management positions, this claim, taken in conjunction with Bailey's other allegations, is enough to state a plausible claim that her promotions were rescinded because she was a woman. As a result, Ares's motion to dismiss Bailey's claims of discriminatory failure to promote based upon her sex is denied.

### B. Discriminatory Enforcement of Employment and Disciplinary Policies

Bailey appears to claim that Ares Group treated her differently with respect to the enforcement of its uniform policy when it required her to wear her hat inside the garage at the Fallon Building. Bailey also claims that she was subjected to discipline based upon her sex when she was assigned to the child care center in the Fallon Building, was issued written and verbal warnings, and was suspended for three days after failing to timely complete an incident report. To demonstrate a *prima facie* case of discriminatory enforcement of employment policies, a plaintiff must show that (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she was subjected to adverse employment action; and (4) similarly situated employees outside of her class received more favorable treatment. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007).

Bailey's allegations that she was required to wear her hat in the garage fail to state a claim for disparate treatment because they do not establish that she was subjected to an adverse action. For an action to be adverse it must have "some significant detrimental effect" on the terms and conditions of a person's employment, such as their compensation or potential promotion. *Holland*, 487 F.3d at 219. Being forced to wear a hat while on duty does not, in and of itself, rise to the level of having a significant detrimental effect on one's employment. Bailey's claim is further weakened by her admission that she was no longer required to wear a hat after she complained about the alleged harassment. Compl. ¶ 18. Additionally, Bailey fails to allege that male employees were not required to wear a hat while assigned to the garage post like she was. As a result, she does not establish that similarly situated male employees received more favorable treatment than she did.

Bailey's other claims that she was subjected to discriminatory enforcement of Ares's disciplinary policies based upon her sex when she was assigned to the child care center in the Fallon Building, was issued two written warnings, and was suspended for three days also do not establish a plausible cause of action. First, Bailey's allegations regarding reassignment do not establish that she was subjected to an adverse action. A transfer or reassignment can only provide the basis for a valid discrimination claim when a plaintiff alleges that the reassignment had a significant detrimental effect on her employment. *Iboone v. Goldin*, 179 F.3d 253, 256 (4th Cir. 1999). As the United States Court of Appeals for the Fourth Circuit has explained, "a mere change in an employee's job assignment, even if 'less appealing to the employee, . . . does not constitute adverse employment action.'" *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004). Bailey does not allege that her transfer to the child care center resulted

11

in a decrease in her compensation, level of responsibility, or opportunity for promotion. Notably, these claims are weakened by Bailey's admission that she was returned to her former work location in the garage shortly after being transferred to the child care area. Thus, Bailey has failed to show that her "de facto demotion" to the child care center was, in fact, an adverse action. *See id*.

Second, Bailey's allegation as to the written and oral warnings she received for calling in sick less than four hours before her shift and for absenteeism similarly do not rise to the level of an adverse action. As this Court has noted, "Reprimands, whether oral or written, do not *per se* significantly affect the terms or conditions of employment." *Lewis v. Forest Pharmaceuticals, Inc*., 217 F.Supp.2d 638, 648 (D. Md. 2002). Though Bailey may have suffered a bruised ego when she received these reprimands, she does not claim that the warnings impeded her ability to advance, or had any tangible impact on her career. Thus, Bailey has failed to show that these reprimands were adverse actions.

Finally, Bailey does not allege that male employees were disciplined less severely than she was for similar misconduct. Bailey does not claim that male employees who failed to complete an incident report as instructed were treated more favorably than she was when she was suspended for three days. Bailey does not contend that male employees who had absentee issues were treated differently than she was. Thus, Bailey's claim that employment policies were enforced in a discriminatory manner based upon her sex must be dismissed. Accordingly, Bailey's sex discrimination claims in Count I go forward as to her failure to promote claim, but must be dismissed as to her discriminatory enforcement of employment and disciplinary policies claims.

## II. Retaliation (Count II)

Bailey alleges that Ares retaliated against her when it rescinded the two alleged promotions based upon her "prior protected activity, including complaining about unlawful disparate treatment." Compl. ¶ 75. To state a *prima facie* case of retaliation, a plaintiff must show that (1) she engaged in a protected activity; (2) the employer acted adversely against her; and (3) the protected activity was causally connected to the adverse action. *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007).

As an initial matter, the Complaint does not indicate whether the prior protected activity Bailey refers to is her 1998 Charge against her prior employer, Wackenhunt, or her 2008 Charge against Ares Group. Bailey's 2008 Charge appears to show that she intended to base her retaliation claim on the 1998 Charge, as it states: "I believe that this retraction of my promotion on two occasions and verbal warning for attendance issues are retaliation for my Charge of Discrimination of 1998." MSJ Ex. 1 at 2. To the extent Bailey intends to plead that the retaliation was based upon her 1998 Charge, too much time has passed between when her lawsuit against Wackenhunt settled in 2000 and the first retaliatory act she alleges—Brown requiring her to wear a uniform hat while at her garage post in December 2006—to demonstrate a causal connection between the two. Though Bailey contends that Jones was involved in her 1999 charge and its resolution at Wackenhunt, Opp'n at 22, this allegation is not sufficient to overcome the six year lapse.

To the extent Bailey intends to plead that she was retaliated against based upon her 2008 Charge against Ares Group, her retaliation claim is also unsuccessful. As an initial matter, Bailey failed to exhaust the administrative process as before bringing this claim as she never

13

amended her 2008 Charge to include these new acts of alleged discrimination. Moreover, the details Bailey provides as to this alleged harassment, hostile work environment and discrimination do not state a plausible claim for retaliation.[3] Compl. ¶ 63. For example, Bailey alleges she was "yelled at and intimidated by Corporal Heath between 2007-2009." *Id.* Thus, Bailey contends that Corporal Heath began yelling at her before she even filed her 2008 Charge, and at least some of Heath's alleged conduct could not have been retaliatory. Bailey also alleges that she was retaliated against when she was reassigned to less favorable assignments in 2009— presumably referring to when she was moved to the child care center post. As this Court explained in Section I(B), however, this claim does not establish that Bailey was subjected to an adverse action, since there is no indication that the terms or conditions of her employment were diminished as a result of her transfer. Accordingly, Bailey's retaliation claim in Count II must be dismissed.

### III.    Age Discrimination (Count III)

Bailey alleges that Ares Group discriminated against her because of her age when it (1) denied her promotional opportunities, and (2) subjected her to discriminatory enforcement of its employment policies.

####    A.    Failure to Promote

A plaintiff can establish a *prima facie* case of employment discrimination in the context of a failure to promote by showing that she (1) is a member of a protected class, i.e. that she was

---

[3] Though Bailey did not allege a separate cause of action for harassment or hostile work environment, in an abundance of caution Ares Group argues that these claims cannot succeed because they are beyond the scope of her 2008 EEOC Charge. For the reasons articulated in Section IV(A), this Court agrees with Ares Group. Accordingly, to the extent Bailey alleges a cause of action for harassment or hostile work environment, these claims are dismissed.

at least forty years old; (2) applied for the position in question; (3) was qualified for each position; and (4) was rejected for each position under circumstances giving rise to an inference of unlawful discrimination. *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994). To satisfy the fourth element, a plaintiff need only show that her employer filled the positions with individuals "substantially younger" than she is. *Id*.

Bailey claims that she is over the age of forty, therefore she has alleged that she is a member of a protected class under the Age Discrimination in Employment Act. Compl. ¶ 9. Given that Bailey was initially offered the positions of Lead Officer and Captain, she has established she applied for the positions in question. As explained in section I(A), Bailey has sufficiently claimed that she was qualified for the Lead Officer and Captain positions by stating that she has fifteen years of experience in the security industry. Finally, Bailey has stated a colorable claim that her promotions were rescinded under unlawful circumstances by claiming that Heath, who eventually received the alleged promotions, was under the age of forty and had only three years of experience in security. As a result, Ares's motion to dismiss Bailey's claims of discriminatory failure to promote based upon her age is denied.

**B.  Discriminatory Enforcement of Employment and Disciplinary Policies**

Bailey alleges that Ares treated her less favorably with respect to its uniform, assignment and discipline policies based upon her age. To establish a *prima facie* case of discriminatory enforcement of employment policies based on age, a plaintiff must show that (1) she is a member of the protected class (*i.e*., age 40 or older); (2) she is qualified for his or her position; (3) she suffered an "adverse employment action"; and (4) the circumstances surrounding that action give

15

rise to an inference of age discrimination. *Abdu-Brisson v. Delta Air Lines, Inc*., 239 F.3d 456, 466-67 (2d Cir. 2001).

As explained in section I(B), the requirement of wearing her uniform hat inside, her reassignment to the child care post, and the receipt of verbal warnings do not rise to the level of an adverse employment action. As well, Bailey does not allege that male employees were disciplined less severely than she was for failing to follow a supervisor's instructions and excessive absenteeism. Thus, Bailey's claim that employment policies were enforced in a discriminatory manner based upon her age must be dismissed. Accordingly, Bailey's age discrimination claims in Count III go forward as to her failure to promote claim, but must be dismissed as to her discriminatory enforcement of employment and disciplinary policies claim.

## IV. Disability Discrimination (Count IV)

Bailey alleges Ares Group discriminated against her because of an unnamed disability when it (1) offered her a part time schedule after she took medical leave, and (2) denied her career advancement. Ares contends that Bailey's disability discrimination claim cannot succeed because she failed to timely file an EEOC charge based upon disability, and in the alternative has not alleged that she is disabled under the Americans with Disabilities Act.

### A. EEOC Charge

Under Title VII, an employee has 180 days from the date of the employer's alleged discriminatory act to file a charge with the EEOC. *See* 42 U.S.C. § 12117(a). A Title VII claimant in a deferral state, such as Maryland, however, has 300 days in which to file a charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). As a general rule, a plaintiff may not bring claims of discrimination in a lawsuit, including those under the ADA, if they were not included

16

in her EEOC charge. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Thus, the allegations in an EEOC charge "generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996).

Bailey's 2008 EEOC charge alleges discrimination based upon sex, age as well as retaliation. It makes no allegations as to discrimination based upon an alleged disability. Bailey does not contend that her disability discrimination claim is like or related to her claims of sex and age discrimination or retaliation as asserted in her 2008 Charge of Discrimination. Thus, Bailey's disability claim is outside of the scope of her 2008 Charge. *See, e.g.*, *Qualls v. Giant Food, Inc.*, 187 F. Supp. 2d 530, 533 (D. Md. 2002) (dismissing employee's claims for failure to promote, hostile work environment, and discriminator discipline where they were not included in the employee's EEOC charge); *Bryant v. Better Business Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 744-46 (D. Md. 1996) (dismissing employee's disparate treatment claims for failure to exhaust administrative remedies where EEOC charge alleged sexual harassment and retaliation). Bailey's contention in her Opposition that Ares Group has not been prejudiced by her actions because it did not respond to her 2008 Charge is unpersuasive. Accordingly, Bailey's disability claim in Count IV must be dismissed because she has not timely filed an EEOC charge based upon disability discrimination.

### B. Disabled Under the ADA

Even if Bailey's EEOC charge had included allegations of disability discrimination, her Complaint fails to allege that she is disabled under the ADA. The ADA prohibits discrimination against a "qualified individual with a disability because of the disability of the individual." 42

U.S.C. § 12112(a).  With respect to an individual, the ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).  Bailey alleges that she was discriminated against after she took medical leave in July 2009.  She provides no detail as to why she took medical leave, and whether her medical problems substantially limited a major life activity.  Thus, Bailey fails to allege an essential element of a disability claim under the ADA.  Accordingly, Bailey's allegations do not sufficiently state a disability discrimination claim, and Bailey's disability claim (Count IV) must be dismissed.

## CONCLUSION

For the reasons stated above, Defendant Ares Group's Motion to Dismiss (ECF No. 4) is GRANTED in part and DENIED in part.  Specifically, the Motion to Dismiss is GRANTED as to Counts I (sex discrimination) and III (age discrimination) with respect to Bailey's claims of discriminatory enforcement of employment and disciplinary policies, and as to Count II (retaliation) and Count IV (disability discrimination).  However, Ares Group's Motion to Dismiss is DENIED as to Counts I and III with respect to Bailey's failure to promote claims.

A separate Order follows.

Dated:     March 25, 2010            /s/_____
                                     Richard D. Bennett
                                     United States District Judge